O’CONNELL, Justice.
The claimant and petitioner, Everett L. Anderson, seeks review of an order of the Florida Industrial Commission affirming an order of a deputy commissioner denying the claimant any benefits under the Workmen’s Compensation Act.
The history of this case leading up to the claim involved is reflected in a stipulation entered into by the claimant and his employer, Plastic Fabrications, Inc., the respondent, on January 26, 1960 and approved on the following day by an order entered by the same deputy who subsequently made the order now before us.
In this stipulation it was agreed that on January 28, 1959 the petitioner suffered an accident in the course of his employment with the respondent, Plastic Fabrications, Inc., when a boat mold on which he was working fell on him; he was hospitalized with a, diagnosis of cerebral concussion; on February 10, 1959 he returned to work and on February 18, 1959 while at work suffered an exacerbation or aggravation of a pre-existing condition of osteomyelitis in his right leg (he tripped, fell, and experienced immediate pain in the region of his right fémur) ; he continued to work until March 2, 1959, whereupon the leg caused him such difficulty as to make it impossible to perform his normal duties; subsequently he was hospitalized with a fracture of his right femur and surgery was then performed on his right leg; he was last hospitalized for treatment of his leg from June 10 through June 12, 1959; and his. recovery was complicated by a subsequent hospitalization in July 1959 because of a kidney stone.
The stipulation then stated that in order-to resolve the issue of entitlement to tem *226 porary total disability in a reasonable and amicable fashion, it was stipulated petitioner had suffered 24 weeks of such disability commencing with the date of the falling boat mold accident, January 28, 1959, and was entitled to compensation for such at the rate of $35.00 per week.
It was next set forth that petitioner contended he had a substantial disability in his right leg by reason of a merger of a pre-existing condition of osteomyelitis of the right femur with his industrial accident of February 18, 1959; on the other hand, the respondent contended his permanent disability was due primarily to the preexisting osteomyelitis of the right femur and that any aggravation or exacerbation of such disease was moderate.
After stating the above positions of the parties, the stipulation provided that upon consideration of the hospital records it was specifically stipulated by the parties that petitioner suffered 24 weeks of temporary total disability. It also provided that he reached maximum recovery on August 3, 1959 from any disability which may have been attributable to a concussion suffered in the accident of January 28, 1959 “or the acceleration or aggravation of disability to the right femur attributable to the industrial accident of February 18, 1959.” The agreement then stated:
“It is expressly stipulated that as of the date of this stipulation, claimant has no disability attributable to either accident with the exception of his right femur fracture and aggravation of preexisting osteomyelitis as alleged.” (Emphasis supplied.)
Next, the stipulation provided that petitioner was entitled to compensation for 40% permanent partial disability of the right leg based on his pre-existing osteo-myelitis and its acceleration or aggravation because of the industrial trauma of February 18, 1959. Following this, the agreement stated:
“The parties are unable at this time to adjudicate claimant’s right to further remedial treatment of his right leg, if any, and specifically agree to send the claimant back to Dr. Harry E. Beller for orthopedic evaluation and such treatment as may be indicated by virtue of the aforementioned incident of February 18, 1959.” (Emphasis supplied.)
It was then provided that petitioner was entitled to an attorney’s fee and it was expressly recognized that the claim had been a disputed one and that in reaching the agreement the parties had considered all of the medical opinions rendered by the various examining and treating physicians as well as the hospital records and petitioner’s own deposition.
The stipulation concluded with a statement that the parties understood its contents and recognized that the claim was controverted and disputed in its entirety. It again set out that:
“Carrier agrees to furnish claimant such remedial care and treatment as the nature of his injury requires.”
As noted, this stipulation was dated January 26, 1960 and was approved and adopted by the deputy commissioner the next day. Prior to execution of the stipulation petitioner had filed a claim in August 1959 and the respondent had controverted the claim. The stipulation was made to settle that controverted claim.
After the entry of the order of the deputy adopting the stipulation, petitioner filed the claim here involved seeking various benefits under the Workmen’s Compensation Act, relating to the same industrial accidents covered by the stipulation. This claim specified:
“It is the claimant’s contention that his present condition was either aggravated or caused by the industrial accident. Request has been made upon the carrier for remedial medical care, and *227 the carrier through their attorneys failed or refused to provide same. Therefore, we request a hearing for the purpose of determination of the issues raised herein.”
In the proceedings before this Court claimant has taken the position that his claim is primarily one for remedial medical care. He does not attack in any way the validity of the stipulation above mentioned.
Respondent filed its reply controverting the claim and saying it construed the claim as one for modification, “as an Order has already been entered purportedly disposing of these issues.”
A hearing was thereafter held before the same deputy who had approved the stipulation. At this hearing only the testimony of the petitioner and of an orthopedic surgeon was heard, and the doctor, who had never examined claimant, testified only as to a hypothetical situation posed to him.
At the very beginning of the hearing counsel for respondent stated that they had stipulated to send petitioner to Dr. Beller for evaluation and such further treatment as needed because of the industrial accident, and that petitioner should therefore produce Dr. Beller to show that he needed treatment.
The record before us indicates that the claimant never consulted Dr. Beller for “orthopedic evaluation and such treatment as may be indicated” as provided in the stipulation. More important, the claimant produced no evidence indicating a need for medical care as a result of his compensable injury or injuries, nor did he produce evidence of a change in condition occurring since the making of the stipulation above mentioned which would justify a modification of the order approving the stipulation.
The claimant wholly failed to meet the burden of proof which was his. Therefore the deputy did not err in denying the claim for additional benefits and/or medical care on the evidence before him.
At the hearing before the deputy, in their brief, and on oral argument before this Court, the respondent employer-carrier took the position that they had agreed that the claimant should go to Dr. Beller for evaluation and any treatment required by virtue of the compensable injury and that they were still willing that this be done.
The claimant should avail himself of this right given him under the stipulation.
While we do not agree necessarily with the basis on which the deputy commissioner reached his decision, we think the result was correct.
Accordingly, the petition for writ of certiorari is denied without prejudice to the right of the claimant to present himself to Dr. Beller for evaluation and treatment in accordance with the terms of the stipulation above mentioned.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS and THORNAL, JJ., concur.